IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 96-50231
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN R. GUERRERO JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(SA-95-CV-0963)
_____

November 13, 1997

Before REYNALDO G. GARZA, KING, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The appellant, Martin Guerrero, appeals from the district court's denial of his petition for

relief under 28 U.S.C. § 2255.  In short, Guerrero contends that he received ineffective assistance

of counsel both during his trial and at sentencing.  For the reasons set forth below, we AFFIRM.

I.

In reviewing a district court's denial of a § 2255 motion, this court reviews the district

court's findings of fact for clear error and its conclusions of law de novo.  United States v.

Seyfert, 67 F.3d 544, 546 (5th Cir. 1995).  A defendant's claim that he received ineffective

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance of counsel is a mixed question of law and fact and is reviewed <u>de novo</u>.  <u>United States v. Faubion</u>, 19 F.3d 226, 228 (5th Cir. 1994).

II.

Guerrero first argues that his trial counsel, Nancy Barohn, was ineffective because she had a conflict of interest.  In most cases, to obtain § 2255 relief based upon ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  In cases where the petitioner's attorney labored under an actual conflict of interest, however, the court applies the more lenient standard set forth in <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 100 S. Ct. 1708 (1980).  "To prevail on a <u>Cuyler</u> claim, a petitioner need only show that his attorney labored under an actual conflict which adversely affected his lawyer's performance."  <u>Perillo v. Johnson</u>, 79 F.3d 441, 447 (5th Cir. 1996).  If he makes the required showing, then prejudice is almost always presumed.  <u>Id.</u> at 448.

In general, an attorney labors under an actual conflict of interest if the attorney's "introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom counsel is also representing." <u>United States v. Lyons</u>, 703 F.2d 815, 820 (5th Cir. 1983) (citations and quotations omitted).  In order to prevail on such a claim, therefore, "[t]he petitioner must specifically identify instances in the record that reflect that his counsel made a choice between possible alternative courses of action such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other." <u>Perillo</u>, 79 F.3d at 447 (internal quotations and citations omitted).

2

In this case, Guerrero argues that Barohn was laboring under a conflict of interest because she also represented his former attorney, who was excused from representing Guerrero based on his own conflict of interest.[1]  Even assuming that Barohn represented both Guerrero and his former attorney as contemplated by Cuyler, see Beets v. Scott, 65 F.3d 1258 (5th Cir. 1995) (en banc) (limiting Cuyler to claims arising out of multiple or serial client representation), cert. denied, 116 S. Ct. 1547 (1996), the alleged conflict between Barohn and Guerrero does not rise to the level of an actual conflict.  In particular, Guerrero has not pointed to any instance in the record where Barohn made a choice between assisting his former attorney at Guerrero's expense.  Instead, Guerrero merely argues that Barohn stated that she would not be able to cross-examine his former attorney if he was called as a witness.  This "conflict," however, never materialized as Guerrero's former attorney was not called as a witness.  See United States v. Soudan, 812 F.2d 920, 925-26 (5th Cir. 1986) (holding that a defendant's constitutional rights were not violated merely because there was a potential conflict of interest).  Moreover, Guerrero does not argue that Barohn should have called his former attorney as a witness on his behalf.  Once again, therefore, Barohn was never faced with the dilemma of choosing between helping Guerrero's former attorney or Guerrero himself.

Accordingly, this claim is governed by the stricter standard set forth in Strickland.  In this respect, we note that Guerrero does not argue that this alleged conflict resulted in ineffective assistance under Strickland.  Nonetheless, we have reviewed the record and find that Guerrero

[1]  Guerrero's former attorney was excused, in part, because one of Guerrero's co-defendants allegedly stated that Guerrero's former attorney was the source of drugs for the conspiracy.  This allegation, however, proved to be unfounded, and the issue was never raised at trial.

could not establish either deficient performance or prejudice resulting from this alleged conflict of interest.

III.

Guerrero next argues that Barohn was ineffective because she failed to investigate or otherwise prepare for trial. In support of this argument, Guerrero relies primarily on Barohn's statements, by affidavit, that she was not hired for the principal purpose of representing Guerrero at trial. According to Barohn, her role was limited to preparing any and all necessary pretrial motions in this case:

> My efforts in Mr. Guerrero's behalf were limited by the fact that he and I had never sat down to discuss the factual case with a view to putting on a defense. Nor had I examined any of the discovery material which had been made available shortly before trial . . . .

This claim is governed by the familiar two-part test set forth in Strickland. In this respect, even assuming that Barohn's pre-trial investigation and preparation constituted deficient performance, see Nealy v. Cabana, 764 F.2d 1173, 1177 (5th Cir. 1985) (stating that counsel must, "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case"), Guerrero's claim fails because he has not shown that this lack of preparation prejudiced his defense. Indeed, we note that the record shows that Barohn aggressively represented Guerrero.

In attempting to demonstrate prejudice, Guerrero identifies only one witness that Barohn should have interviewed: Lt. Javier Moreno of the San Antonio Police Department. According to Guerrero, Lt. Moreno's testimony would have revealed that Guerrero had no intention of trafficking drugs. Incredibly, Guerrero maintains that he told Lt. Moreno that he knew of the government's undercover operation against him and that he was going to "reverse the sting."

4

Guerrero's reliance on this purported testimony is misplaced, however, because Guerrero did not present this claim to the district court, and this court will not hear such claims raised for the first time on appeal. See United States v. Samels, 59 F.3d 526, 529-30 (5th Cir. 1995) ("Short of a miscarriage of justice, we may not consider an issue raised for the first time on appeal in a § 2255 motion.").

In sum, even assuming that Barohn's lack of preparation constituted deficient performance, Guerrero has failed to show that this lack of preparation prejudiced his defense. Accordingly, Guerrero has failed to show that he received ineffective assistance of counsel.

IV.

Guerrero next argues that his counsel at sentencing, William T. Reece, was ineffective for failing to 1) review the presentence report ("PSR") with him prior to sentencing, 2) cross-examine a Government witness at the sentencing hearing, and 3) move for a downward departure due to Guerrero's heart condition. This court applies the two-part test set forth in Strickland when evaluating an ineffective assistance at sentencing claim in a noncapital case. Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993). "[I]n deciding such an ineffectiveness claim, a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's noncapital sentence would have been *significantly* less harsh." Id.

Guerrero's arguments fail under both prongs of Strickland. First, we find that Reece's performance was professionally reasonable. In particular, we note that Reece was demonstrably familiar with the PSR, was afforded the opportunity to consult with Guerrero, and ably presented objections to the guideline calculations. Although the failure of counsel to review the PSR with his client prior to sentencing constitutes deficient performance under Strickland, see United States

5

v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992), the district court in this case attempted to provide Guerrero with the opportunity to review the PSR with Reece prior to sentencing. As the district court found, however, Guerrero refused to communicate with his counsel because of his alleged health problems and another alleged conflict of interest. Upon review, we cannot say that these conclusions were clear error.

Second, we find that Guerrero identifies no prejudice stemming from Reece's alleged inadequate performance. With respect to counsel's failure to cross-examine a Government witness, Guerrero does not allege how that cross-examination, if conducted, would have resulted in a sentence that was significantly less harsh than the one he received. Nor does Guerrero show that his sentence would have been significantly less harsh had his counsel argued for downward departure under U.S.S.G. § 5H1.4. The language of § 5H1.4 allowed a "sentence other than imprisonment" for "an extraordinary physical impairment." U.S.S.G. § 5H1.4 (policy statement) (1990). The departure, however, is permissive and not required. In this respect, Judge Smith made it clear that he was skeptical of Guerrero's health complaints at the sentencing hearing. Thus, Guerrero has has not shown a reasonable probability that an argument based on § 5H1.4 would have resulted in a significantly less harsh sentence.

In sum, we find that Guerrero did not receive ineffective assistance of counsel at sentencing.

## VI.

Finally, the court has reviewed Guerrero's remaining claims, including those raised only in his pro se briefs, filed before counsel was appointed in this case, and finds them to be without merit. Accordingly, we AFFIRM.